## William White, Plff. in Err., v. Western Assurance Company of Toronto, Canada.

Keeping a barrel of crude petroleum in a shed adjoining a foundry, to supply, through a connecting pipe, fuel to a steam boiler within the foundry, is a breach of a condition in the fire insurance policy on machinery, tools, etc., in the foundry which stipulates that the policy shall become void "if in said premises there be kept gunpowder, fireworks, nitroglycerine, phosphorus, saltpeter, nitrate of soda, petroleum, naphtha, gasoline,

NOTE.—For the effect of keeping articles forbidden by the policy of insurance, see note to Allemania F. Ins. Co. v. Pittsburgh Exposition Soc. *post*, —.

benzine, benzole, or benzine varnish, or there be ·kept or used therein camphene, spirit gas, or any burning fluid, or any chemical oils, without written permission in this policy (except the use of refined coal, kerosene, or other carbon oil for lights, if the same be drawn and the lamps filled by daylight)."

(Decided October 4, 1886.)

Error to the Common Pleas of Warren County to review a judgment on a verdict for the defendant in an action of covenant upon a policy of fire insurance.    Affirmed.

The facts, as they appeared at the trial before BROWN, P. J., are stated in the charge as follows:

On the 12th day of April, 1883, the plaintiff, William White, obtained a policy of insurance from the defendant, insuring property that belonged to him, consisting of patterns, tools, shafting, machinery, etc., belonging to a foundry, against loss by fire.    About a month after the insurance was effected the premises burned, and the property of plaintiff was destroyed.    A portion of it, at least, was destroyed or injured.    By an arrangement between the plaintiff and the defendant, which had reference only to the actual amount of the loss, it was determined that the amount was $448.

The defendant now makes defense, alleging that, under the terms of the policy of insurance, this contract of insurance was void.    That is based upon this provision in the policy, which we say to you was part of the contract between the plaintiff and the defendant:   "If in said premises there be kept gunpowder, fireworks, nitroglycerine, phosphorus, saltpeter, nitrate of soda, petroleum, naphtha, gasoline, benzine, benzole, or benzine varnish, or there be kept or used therein camphene, spirit gas, or any burning fluid, or any chemical oils, without the written permission in this policy (except the use of refined coal, kerosene, or other carbon oil for lights, if the same is drawn and the lamps filled by daylight), then and in every such case this policy shall become void."

Parties who come into court basing their rights upon a contract have a right to recover only upon the strength of that contract.    And if it be that the facts in this case show that the

plaintiff, in violation of the terms of the policy of insurance, has kept petroleum upon the premises in which the property insured was contained, then the policy is void.

The evidence is that, from the making of the policy of insurance down to the time of the fire, a barrel of petroleum was kept within a distance of from 5 feet to 6 feet of the boiler that propelled the engine used in the foundry; that it was kept outside of the building itself, in a shed adjoining the building, the wall or side of which formed one side of the shed; that, by a pipe connected with the barrel, the oil was conducted to the fire pan under the boiler.

This use appears from the evidence to have been habitual.

[It seems to us that the storing of this oil, although it may have been outside of the building, it being in a shed adjoining and connected with the building, is to be taken as a part of the building itself, and so made by the insured; but, whether this be so or not, according to the undisputed evidence, there was a continuous and habitual use of the oil, and the habitual keeping of it in the pipe, at least, that led from the barrel to the fire box and upon these premises.]

While it would please us much better to have before us a case where the plaintiff would be entitled to indemnity for his misfortune, it is our duty to lay down the law to you as we consider it to be.

[Taking the stipulation contained in this policy, we cannot regard it as anything other than an agreement on the part of the plaintiff that if, in said premises, there be kept petroleum, then this policy shall be void; and we cannot, under the evidence, come to any other conclusion than that the plaintiff did keep petroleum in the premises. Although we are reluctant to take this view of it, we deem it our duty to say to you that the plaintiff is not entitled to a verdict.]

The verdict and judgment were for the defendant; whereupon, the plaintiff took this writ and assigned as error the portions of the charge enclosed in brackets.

*Wilbur & Schnur,* for plaintiff in error.—The first clause of

the condition prohibits certain articles to be kept in the premises, among which is petroleum. The second clause prohibits certain articles to be kept or used. The use of petroleum is not prohibited in the terms of the second clause. Having used the term "petroleum" in the first clause, if it had been intended to include petroleum in the second clause, as one of the articles the use of which was prohibited, the term "petroleum" would have been used. Mears v. Humboldt Ins. Co. 92 Pa. 15, 37 Am. Rep. 647.

Not being prohibited, its use was permitted for such purposes as were incident and necessary to carry on the business insured; and the storage in a barrel outside the building, with a pipe leading into the building, under the boiler, to hold and conduct the oil to the fire, was absolutely necessary and incident to its use, and not a keeping of petroleum in the premises, within the prohibitory terms of the policy. Birmingham F. Ins. Co. v. Kroegher, 83 Pa. 66, 24 Am. Rep. 147; Grandin v. Rochester German Ins. Co. 107 Pa. 26; Citizens' Ins. Co. v. McLaughlin, 53 Pa. 485; Harper v. New York City Ins. Co. 22 N. Y. 443.

*R. Brown,* for defendant in error.—The prohibition being general that petroleum shall not be kept on the premises, the exception for its use should be equally broad. There is no clause which permits it to be used as fuel; and the use of it for light is coupled with stringent restrictions.

Birmingham F. Ins. Co. v. Kroegher, 83 Pa. 64, 24 Am. Rep. 147, rules this case. The assured kept a barrel of petroleum on the premises for use in lighting his store and for retail sale; and it was held that the policy was void, and that the knowledge of the agent of the insurer at the time of the insurance did not affect the condition in the policy. The fact that carbon oil was usually kept in a country store for sale did not avoid the prohibition.

To the same effect are Lancaster F. Ins. Co. v. Lenheim, 89 Pa. 497, 33 Am. Rep. 778; Steinbach v. Relief F. Ins. Co. 13 Wall. 183, 20 L. ed. 615; Whitmarsh v. Charter Oak F. Ins. Co. 2 Allen, 581; and Westfall v. Hudson River F. Ins. Co. 12 N. Y. 289.

OPINION BY MR. JUSTICE GORDON:

This was an action of covenant on a policy of insurance dated April 12, 1883, by which the defendant undertook to insure against loss by fire the machinery, tools, patterns, etc., belonging to the plaintiff, in and about an iron foundry which was held under a lease from one James Lighty. The assured property, together with the foundry, was destroyed by fire on the 12th of May, just one month after the date of the policy.

The defense was that this policy became and was made null and void in consequence of a breach, by the assured, of the following condition: "If in said premises there be kept gunpowder, fireworks, nitroglycerine, phosphorus, saltpeter, nitrate of soda, petroleum," etc., "then and in every such case this policy shall become void."

The admitted facts are that petroleum was used as fuel for the engine by which the machinery of the foundry was driven, which fuel was drawn from a tank or barrel kept in a shed united with and so made to form part of the main building, and, as one of the witnesses says, some 5 or 6 feet from the furnace. The oil was conducted from the barrel by a ½ inch pipe to the place of consumption, an iron pan in or under the boiler; and as this fuel was drawn from the barrel, a fresh supply was furnished as necessity required.

We may here observe, *obiter,* that, while there are devices by which petroleum can be and is used as a fuel for raising steam, with perfect safety, that above described is certainly not one of them. Nevertheless, it is not for us to determine whether a fuel of this kind, and so used, was more or less dangerous than wood or coal.

The only question for us is whether the keeping of a barrel of petroleum in the insured premises was such a breach of the condition in the policy as released the company from its obligation. We are always unwilling to enforce a forfeiture when such result can be avoided; nevertheless, when the intention of the parties is plainly expressed, that intention must be regarded as the law of the contract; and we cannot lawfully ignore it, even to prevent a forfeiture. But as to the parties before us, the unequivocal agreement, as found in the policy, is that the

keeping of petroleum in the premises insured shall render that policy null and void.

That petroleum was so kept is not denied; and this, not, as in the case of Mears v. Humboldt Ins. Co. 92 Pa. 15, 37 Am. Rep. 647, temporarily and for casual use, but habitually and for constant use.

Nor was it, as in the Citizens' Ins. Co. v. McLaughlin, 53 Pa. 485, an article of such vital necessity in the conduct of the business of the insured that its use could not be ignored, and, therefore, must have been recognized as a matter not subject to the condition.

Petroleum, however convenient and economical, was certainly not a fuel without which the foundry could not have been run, since its place could well have been supplied by wood or coal. What shall we say then? That the contract of the parties shall not stand? But on what ground can we justify a conclusion such as this? The parties were *sui juris;* no fraud is alleged, nor is the condition even unreasonable. The company was not willing to insure against so dangerous a commodity as petroleum, and therefore expressly forbade, not only its use, but even its presence on the property, and under and subject to this condition the plaintiff accepted the policy.

Under such circumstances, were we to reverse the court below we must not only disregard the contract of the parties, but also overrule our own cases of Birmingham F. Ins. Co. v. Kroegher, 83 Pa. 64, 24 Am. Rep. 147, and Lancaster F. Ins. Co. v. Lenheim, 89 Pa. 497, 33 Am. Rep. 778, which in principle rule the case in hand.

The judgment is affirmed.