M. W. Fraim and A. Rosenstein, trading as Lancaster Silver Plate Co., *v.* The Manchester Fire Assurance Co. of Manchester, England, Appellant.

*Insurance—Fire insurance—Prohibition in policy—Inflammable material.*

Where a policy of fire insurance on a factory contains a prohibition of the use of an inflammable material on the premises, but it appears that a small quantity of the material was used in the business conducted on the premises at the date of the policy, and continuously to the date of the fire which destroyed the premises, and that such use was necessary, in the business, the insured may recover, notwithstanding the prohibition in the policy.

Argued May 24, 1895. Appeal, No. 378, Jan. T., 1895, by defendant, from judgment of C. P. Lancaster Co., Jan T., 1894, No. 16, on verdict for plaintiffs. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before LIVINGSTON, J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

" [The construction which I put upon this policy will leave

very little for you to do. If I get wrong, of course the Supreme Court will correct me. I say my construction of this policy is this; if this company was at the time this policy was issued using gasoline as one of their materials in their business for cleansing handles, and continued to use it without change from that time until the fire, making no change, no increase of risks or anything of that kind, then they are entitled to recover, notwithstanding what may be printed on the outside of this paper, because this insurance covers 'their finished stock and stock in process of finishing, their own at the time, or sold but not removed, including all acids, solutions and materials for the same.] ' " [7]

" [That is my construction of the policy, and that being so, we say to you that if you find from the evidence that this company at the time this policy was issued, which we say covers these materials, was using this material and continued to use it as it had been during the time that elapsed between the issuing of the policy and the fire, without making any change; and that it was necessary for its use in carrying on its business; and that the loss for which they claim pay exceeded the amount insured; then your verdict should be for the plaintiff for the sum claimed, with interest from December 20, 1893.] " [8]

Verdict and judgment for plaintiff for $1,333.54. Defendant appealed.

*Errors assigned,* among others, were (7–8) above instructions, quoting them.

*John W. Appel,* of *Appel & Appel, D. C. Herr* and *C. H. Bergner* with him, for appellant, cited: Harper v. Albany Ins. Co., 17 N. Y. 196; Harper v. N. Y. City Ins. Co., 22 N. Y. 442; Citizens Ins. Co. v. McLaughlin, 53 Pa. 487; Swan v. Watertown Ins. Co., 96 Pa. 37; Lancaster Ins. Co. v. Lenheim, 89 Pa. 497; Steinbach v. Ins. Co., 13 Wall. 183; White v. Western Assurance Co., 4 Cent. Rep. 723; Pittsburg Ins. Co. v. Frazee, 107 Pa. 521.

*J. Hay Brown, W. U. Hensel* with him, for appellees.

OPINION BY MR. JUSTICE DEAN, July 18, 1895:

Plaintiffs, as partners, carried on the business of gold, silver and nickel plating in the city of Lancaster. On the 15th of April, 1893, the defendant issued to them a policy of insurance against fire in sum of $1,250 for the term of one year. The description of the property in the typewritten part of the policy read thus: " Lancaster Silver Plate Company, Lancaster, Pa., $1250, on their stock, finished and in process of finishing, their own or sold, but not removed, including all acids, solutions and materials for the same in their trade, as gold, silver and nickel platers, and manufacturers of silver plated and metal goods, all contained in the three story brick tin roof building, occupied by the assured, situate rear of No. 2 West King Street, Lancaster. "

In addition to this written or inserted description of the property, there were in the policy a number of printed conditions, among them this: " This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above described premises. . . . gasoline."

A barrel of gasoline was kept by the assured in a small outbuilding about fifteen feet distant from the main factory on another lot than that on which stood the main factory; this outbuilding was not insured; the gasoline, in small quantities, was used in the process of plating, principally for cleansing tools and molds; when used, it was carried and put in a kettle holding from three to four gallons in the third story of the factory. On the night of September 7, 1893, the building, with its contents, was destroyed by fire; there was no gasoline in the kettle when the fire occurred, nor was the barrel in the outbuilding disturbed; so the fire was not caused by the gasoline; the undisputed testimony, however, was that the gasoline, in the quantity mentioned, was used in the factory almost daily for years before the policy was issued, and the same use, without change, continued until the fire. Plaintiffs' loss was largely in excess of the sum insured.

The defendant refused to pay the loss, on the ground that by a violation of the printed condition as to the use of gasoline the policy was void. Plaintiffs brought suit; verdict and judgment being in their favor in the court below, defendant brings this appeal.

The case is not essentially different from that between same plaintiffs and National Fire Ins. Co., 377, Jan. term, 1895, of this court, in which judgment and opinion are this day filed. We need not repeat the interpretation put upon this same printed condition in that case. In the case referred to, there was nothing in the written portion of the policy so significant of knowledge on part of the insurers as to the necessary use of chemicals in operating the business as in this. That policy was to the Lancaster Silver Plate Company, on engine, boiler,. machinery, tools, etc., in the same building ; this one is on " stock finished-and in process of finishing . . . . including all acids, solutions and materials for the same in their trade as gold, silver and nickel platers and manufactures of silver plated and metal goods. ". The very wording of this contract is suggestive of the intent of the parties to insure the stock in the factory,. although, in the process of finishing, some of the articles prohibited in the printed condition might be used.

But as the words, " acids, solutions and materials for the same in their trade," did not expressly include gasoline, the plaintiffs. adduced evidence that this material was necessary to the process. of finishing. A number of witnesses, experienced in the business of plating, testified that gasoline was absolutely necessary in the business, and was in ordinary use. The court then submitted the question to the jury thus : " We say to you, that if you find from the evidence, that this company, at the time this policy was issued, which we say covers these materials, was using this material, and continued to use it as it had been during the time that elapsed between the issuing of the policy and the fire, without making any change; and that it was necessary for its use in carrying on its business ; . . . . then your verdict should be for the plaintiff."

As we held in the case against the National Fire Ins. Co., already noticed, if the fact were that the use was a necessary one in conducting the business, then it must be presumed the intent of the parties was to insure the subject of the contract as it then was, and as it would continue to be during the life of the policy, notwithstanding the printed condition ; and further, that the fact of the necessity of the use, for the purpose of establishing the intent of the contracting parties, could be proven by evidence dehors the instrument. It follows from the opinion

and judgment in that case, all the assignments of error in the one before us must be overruled, and the judgment affirmed.

Judgment affirmed accordingly.