# Fred. Heron v. The Phœnix Mutual Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Covenants—Fireworks.*

A policy of fire insurance provided that the policy should be void "if the hazard be increased by any means within the control or knowledge of the insured . . . . or if . . . . there be kept, used or allowed on the above described premises benzine, benzole, dynamite, ether, fireworks," etc. In an action upon the policy it appeared that the insured, for the purpose of celebrating the 4th of July, bought a lot of assorted fireworks which were delivered at his residence, in which was the property insured, on the morning of the 3d of July, and were shortly afterwards with his knowledge and approbation placed in the parlor for use on the following evening. In some unexplained way they took fire on the afternoon of the same day, and caused the loss for which suit was brought. *Held,* that it was error to refuse binding instructions for defendant.

Argued Feb. 8, 1897. Appeal, No. 417, Jan. T., 1896, by defendant, from judgment of C. P. Chester Co., Oct. T., 1895, No. 56, on verdict for plaintiff. Before Sterrett, C. J., Green, Williams, McCollum and Fell, JJ. Reversed.

Assumpsit on a policy of fire insurance.   Before HEMPHILL, J. The facts appear by the opinion of the Supreme Court.

Defendant's points and answers thereto were as follows :

1. If the jury believe that the assured, prior to or at the time of the fire, kept, used, or allowed fireworks on the premises, this was contrary to the contract of insurance, and avoided the policy, and there can be no recovery thereon. *Answer :* This point we must disaffirm, as in our view the language used in the policy of insurance has no applicability to the facts as shown here, which was merely a temporary use, and not such as is contemplated by the language of the policy, in our judgment. [1]

2. If the jury find from the evidence that the fire originated from the fireworks which the assured kept or allowed to be stored in the room where the fire started, he cannot recover in this action and your verdict must be for the defendant. *Answer :* That point we also disaffirm. [2]

3. Under all the evidence in the case the verdict of the jury must be for the defendant. *Answer :* We cannot so instruct you, gentlemen of the jury. As I have said, your verdict will be for what loss the plaintiff has sustained by reason of the fire of July 3, 1895. [3]

Verdict and judgment for plaintiff for $1,093.87½.   Defendant appealed.

*Errors assigned* among others were (1–3) above instructions, quoting them.

*H. H. Gilkyson,* for appellant.—The presence of the fireworks in the house avoided the policy : Birmingham Fire Ins. Co. v. Kroegher, 83 Pa. 64 ; Lancaster Fire Ins. Co. v. Lenheim & Co., 89 Pa. 497 ; McClure v. Watertown Fire Ins. Co., 90 Pa. 277 ; Krug v. German Fire Ins. Co., 147 Pa. 272 ; Lancaster Silver Plate Co. v. National Fire Ins. Co., 170 Pa. 151 ; Lancaster Silver Plate Co. v. Manchester Fire Assurance Co., 170 Pa. 166.

*R. T. Cornwell,* with him *Gibbons Gray Cornwell,* for appellee.—The condition of the policy has no application to this case, because the plaintiff neither "kept, used nor allowed" fireworks on his premises within the meaning of the condition : Mears v.

Humboldt Ins. Co., 92 Pa. 15; Shaw v. Robberds, 6 Ad. & E. 75; Grant v. Howard Ins. Co., 5 Hill, 10 ; Van Valkenburgh v. Ins. Co., 70 N. Y. 605; Franklin Ins. Co. v. Chicago Ice Co., 36 Md. 102; Moore v. Ins. Co., 29 Maine, 97; O'Niel v. Buffalo Fire Ins. Co., 3 Comstock, 122; Ins. Co. v. McLaughlin, 53 Pa. 485; Farmers' & Mechanics' Ins. Co. v. Simmons, 30 Pa. 299; Glen v. Lewis, 20 Eng. Law & Eq. Rep. 364; Bean v. Stupart, 1 Doug. 11; Dobson v. Sotheby, 1 Moody & Malk. 90; Baumgardner v. Ins. Co., 1 W. N. C. 119 ; Doud v. Citizens' Ins. Co., 141 Pa. 47; Franklin Ins. Co. v. Kepler, 95 Pa. 492; Lebanon Ins. Co. v. Leathers, 20 W. N. C. 107; Ins. Co. v. Hannum, 1 Mon. 369.

Further, the condition has no application in this case, because it appears only to be applicable to places of business and manufacturing establishments.

The cases cited in the appellant's argument are not in point. Birmingham Ins. Co. v. Kroegher, 83 Pa. 64, was a case of a country store, where a barrel of petroleum was kept for sale in violation of the condition in the policy against keeping or having it on the premises. Lancaster Fire Ins. Co. v. Lenheim & Co., 89 Pa. 497, was a like case of keeping of turpentine and benzine for sale in a country store. While McClure v. Watertown Fire Ins. Co., 90 Pa. 277, was the case of a vacated dwelling. All the other cases cited are against the appellant's contention here.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 1, 1897 :

This action of assumpsit, brought to recover the value of certain household goods, etc., insured by defendant company and destroyed by fire on July 3, 1895, involves the construction of certain provisions of the policy in suit.

There is no controversy as to any of the material facts. For the purpose of celebrating the 4th of July of that year, plaintiff bought a lot of assorted fireworks which were delivered at his residence on the morning of the 3d, and were shortly afterwards, with his knowledge and approbation, placed in the parlor for use on the following evening. In some unexplained way they took fire on the afternoon of the same day, and caused the damages for which this suit was brought.

The defense interposed by the insurance company was that

placing the fireworks in plaintiff's house, with his knowledge and consent, and permitting them to remain there, was a violation of the following clause of the policy, and rendered the latter void: "This entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, shall be void . . . . if the hazard be increased by any means within the control or knowledge of the insured, . . . . or if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above described premises, benzine, benzole, dynamite, ether, fireworks, gasoline, greek fire, gunpowder exceeding twenty-five pounds in quantity, naphtha, nitroglycerine, or other explosives, phosphorus, or petroleum or any of its products of greater inflammability than kerosene oil of the United States standard (which last may be used for lights and kept for sale according to law, but in quantities not exceeding five barrels, provided it be drawn and lamps filled by daylight or at a distance not less than ten feet from artificial light)."

The defendant's contention as to the proper construction of the above-quoted clause is clearly presented in its requests for charge recited in the first three specifications, respectively. Each of these requests were refused by the learned trial judge, and the jury was instructed to find for the plaintiff the amount of the loss he "sustained by reason of the fire." The third request was that, "under all the evidence in the case the verdict of the jury must be for the defendant."

We have never gone to the length that other courts have in construing away express provisions or stipulations as to forfeiture. While some hold that it is permissible to use the articles prohibited by the general printed clause, provided they are such as naturally pertain to the stock of goods or property described in the written part of the policy, this court has refused to go so far. In Birmingham Fire Ins. Co. v. Kroegher, 83 Pa. 66, where petroleum was kept for sale in a country store in violation of a printed clause very similar to that above quoted, this court said: "If the question were whether this kind of oil was an article of merchandise ordinarily included in the stock of a country store, or if it were only an inquiry as to the increase of risk, it might well be referred to the jury. But it is nothing of the kind: it is an express stipulation that petroleum or its

products shall not be kept on the premises, and if it be so kept the policy is void.   It matters not that it was part of a customary stock of goods, for by express contract it was excluded." This case was followed in Lancaster Fire Ins. Co. v. Lenheim & Co., 89 Pa. 497, and must be accepted as the settled construction of such conditions.   In the first of these cases, however, —Birmingham Fire Ins. Co. v. Kroegher, supra—a qualification was suggested which has since been adopted, and which the learned trial judge in this case sought to carry to a length not warranted by any of our cases.   It was there said by Mr. Justice GORDON: "It is probable that this provision would not apply to the oil used in lighting the premises, for such a use has, in these days, become a necessity for all buildings in the country in which light is required during the night."   This suggested distinction, in principle, has since been adopted in Mears v. Humboldt Fire Ins. Co., 92 Pa. 15, Lancaster Silver Plate Co. v. National Fire Ins. Co., 170 Pa. 151, and Same v. Manchester Fire Assurance Co., 170 Pa. 166.   In the latter, our Brother DEAN, speaking for the court, said: "If the fact were that the use were a necessary one in conducting the business, then it must be presumed the intent of the parties was to insure the subject of the contract as it then was, and as it would continue to be during the life of the policy, notwithstanding the printed condition."   A further and fuller discussion of this subject will be found in the next preceding case,—Lancaster Silver Plate Co. v National Fire Ins. Co., supra.   These cases rest on the necessary and contemplated use of the property, and cannot be supported on any other ground.   They furnish no warrant for the advanced position taken by the plaintiff in this case.   There is no ground for a presumption that the parties here contemplated even the temporary presence of fireworks in the insured building in the face of an express contract to the contrary.

If the policy had contained only the clause relating to increased "hazard" above quoted, the case should have gone to the jury, but the additional prohibitory clause made it incumbent on the court to withdraw it from their consideration by affirmance of defendant's third point.   In view of the undisputed evidence in the case it was error not to do so.

Judgment reversed.