Kramer v. Rhode Island Insurance Company, Appellant.

28

Argued April 9, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Joseph Levy,* and with him *J. Earl Ogle, Jr.,* for appellant.—The keeping of dynamite on the insured

premises rendered the policy void: Stacey v. Franklin Fire Ins. Co., 2 W. & S. 506; Franklin Fire Ins. Co. v. Updegraff, 43 Pa. 350; McKeesport Machine Co. v. Ben Franklin Ins. Co., 173 Pa. 53; Franklin Fire Ins. Co. v. Brock, 57 Pa. 74; Mears v. Humboldt Fire Ins. Co., 92 Pa. 15.

The keeping of dynamite on the insured premises, was in violation of the borough ordinance: Rosenthal v. Ostrow, 287 Pa. 87; Hazel Drug Co., Inc. v. Wilner, 284 Pa. 361; Vandergrift v. Vandergrift, 226 Pa. 254; Johnson v. Hulings, 103 Pa. 498.

*Norman T. Boose,* and with him *Budd B. Boose,* for appellee.—The keeping of dynamite on the premises as a part of plaintiff's merchandise was not a violation of the policy of insurance: Bernard v. National Fire Insurance Co., 27 Mo. App. 26; McClure v. Mutual Fire Insurance Co. of Chester County, 242 Pa. 59; Machine Co. v. Ins. Co., 173 Pa. 53; Lancaster Silver Plate Co. v. Fire Ins. Co., 170 Pa. 151.

OPINION BY KELLER, J. July 2, 1929:

The subjects of insurance described in the policy in suit were (1) "Merchandise of every description, principally of the variety usually kept in a grocery, meat market and dry goods store; (2) fixtures and equipment of every description of store and meat market, principally display racks and cases; package and cash carrier systems; registers, machines, tools, implements, appurtenances, furniture and supplies to the business."

The policy contained the following provision: "Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage occurring ...... while (any usage or custom to the contrary notwithstanding) there is kept, used, or allowed on the described premises ...... explosives ......"

At the time of the fire, and for some time prior thereto, the plaintiff had in his place of business seven and a half boxes of dynamite (325 pounds), which he was accustomed to sell to miners for mining coal in the nearby mines.

The term, "explosives," as used in the policy, included dynamite: Penman v. St. Paul F. & M. Ins. Co., 216 U. S. 311; Sperry v. Springfield F. & M. Ins. Co., 26 Fed. 234.

The plaintiff endeavored to escape the invalidating effect of the clause of the policy above quoted by showing that the prohibited article—dynamite—was a customary component part of the goods insured, in customary use in carrying on the business which formed the subject of insurance—a necessary incident to the conduct of such a business; bringing it within the principle established in McClure v. Mutual Fire Ins. Co. of Chester Co., 242 Pa. 59. Two things prevent the application of the rule to this case: (1) Out of a dozen stores in the Borough of Central City, where the plaintiff carried on his business, it was not shown that more than four dealt in dynamite; so that the proof failed to establish that dynamite was usually and necessarily retailed to customers of such business. The learned court below, in its opinion filed, recognized that the proof had failed to measure up to such a custom of doing business: Adams v. Pittsburgh Ins. Co., 95 Pa. 348; Lutz v. Ins. Co., 205 Pa. 159, 163. Plaintiff carried on a grocery, meat market and dry goods store in a *borough*. The circumstances bear no resemblance to the conduct of a general store in the *country*,— such as was carried on in the McClure building,— where, until recently, the surrounding neighborhood had no convenient means of supplying itself with kerosene for light, or gasoline for power, except by purchasing it at the local general store; and hence a company insuring such a business was presumed to

have had in contemplation the keeping of kerosene and gasoline in reasonable quantities as necessary incidents to the conduct of such a business. Here, the plaintiff's evidence showed, dynamite could be procured by the miners from the company operating the mines, outside the borough, and near to the mines where it was to be used. The conduct of a grocery, meat market and dry goods store in a borough ordinarily has no relation to the keeping of dynamite for sale, and gives no inherent notice to an insurance company that contrary to the provisions of its policy, explosives will be kept for sale on the premises. The case is easily distinguishable on its facts from cases where kerosene and gasoline formed part of the stock of a general country store (McClure v. Mutual Fire Ins. Co., supra), or where gasoline, benzine, benzole, etc., were necessarily used in small quantities in the conduct of the business whose premises were insured, (Fraim v. National Fire Ins. Co., 170 Pa. 151; Fraim v. Manchester Fire Ass. Co., 170 Pa. 166; Citizens Ins. Co. v. McLaughlin, 53 Pa. 485; Mears v. Humboldt Ins. Co., 92 Pa. 15; Baumgardner v. Ins. Co., 1 W. N. C. 119, and similar cases).

(2) But a second reason also prevents the application to this case of the principle relied on by the appellee and the court below. An ordinance of the borough, enacted under authority of the General Borough Act of 1915, P. L. 312, Chap. V, Art. I, sec. 2, cl. XXII, made it "unlawful for any person, firm or corporation......to keep or store or cause to be kept or stored in any place whatsoever within the limits of this borough any nitro-glycerine, dynamite, gunpowder, gun cotton or other high explosives adapted for blasting," etc., and prescribed a penalty for its violation, (Ordinance No. 1, approved August 13, 1918). Such an ordinance when enacted within the powers conferred by the Legislature, unless declared

unreasonable in a direct attack upon it (Borough of Manorville v. Flenner, 87 .Pa. Superior Ct. 84, 286 Pa. 103), has the force of law within the borough limits: Flinn v. Phila., 258 Pa. 355; 6 R. C. L. p. 699. The plaintiff could not excuse a violation of the clause in the policy prohibiting the keeping of explosives on the premises by setting up an alleged custom of retailing dynamite in grocery, meat market and dry goods stores in a borough, which was expressly forbidden by the borough law: Silliman v. Whitmer & Sons, 11 Pa. Superior Ct. 243. An insurance company will not be *presumed* to have intended to insure property, the keeping of which within the borough was forbidden by borough ordinance: Jones v. Fireman's Fund Ins. Co., 51 N. Y. 318. This is not the case of an insurance company endeavoring to set aside its contract to insure certain specific property, on the ground that it was unlawful to insure the subject matter which it had specifically agreed to cover; but rather an attempt on the part of the assured to avoid a clause of the insurance contract, providing against liability under certain conditions, by reading into the contract a presumed acceptance of a custom which was in direct conflict with the borough law.

The court below submitted to the jury only three questions of fact: (1) What was the loss the plaintiff sustained in his stock of merchandise resulting from the fire? (2) What was the loss the plaintiff sustained to the store fixtures as the result of the fire? (3) Was dynamite a customary component part of the goods in the plaintiff's store and necessary in the conduct of a general store in Central City Borough? The jury in their special verdict found the plaintiff's entire loss on merchandise was $2,768.11, on the fixtures $2,250, and that dynamite was a customary part of the goods in the plaintiff's store, and necessary in the conduct of a general store in Central City Borough.

In its opinion refusing a new trial and judgment non obstante veredicto the court said: "A reading of the evidence shows that the proof made did not rise to a custom: (citing cases). It was not necessary to show a custom, but to prove the defendant had knowledge of the fact that the plaintiff was carrying dynamite when the policy was written or that the explosive carried by the plaintiff was a necessary component part of the goods required to be carried in the plaintiff's store to meet the wants of his customers in and about Central City where plaintiff's business was carried on," and directed judgment for the plaintiff.

The jury had not passed on the question of the defendant's knowledge that plaintiff was carrying dynamite in his store when the policy was written. It was not referred to in the charge nor submitted to them. Plaintiff had testified that Alexander Hutchison, who had solicited the insurance, had seen the dynamite, and Hutchison had denied it. But even if the plaintiff's story should be accepted as true, the evidence was insufficient to establish defendant's knowledge that plaintiff kept dynamite on the premises. Hutchison was only an employee of the defendant's agent, Parnell, Cowher & Co.; a solicitor of insurance, or at most a field agent for the defendant's agent, without authority to bind the company by his representations to the assured: Levinton v. Ohio Farmers' Ins. Co., 267 Pa. 448; Brink v. Lackawanna Mutual Fire Ins. Co., 90 Pa. Superior Ct. 527. The knowledge of such an employee of the company's agent of a condition contrary to the provisions of the policy would not amount to knowledge of the company.

We are of opinion that binding instructions in favor of the defendant should have been given.

The second, third, fourth and fifth assignments of error are sustained. The judgment is reversed and is now entered for the defendant.