This appeal arises from a suit filed in the Circuit Court for Coffee County, Enterprise Division, on an insurance policy for fire loss. The trial court, after hearing the evidence without a jury, entered judgment in favor of the plaintiffs. Following denial of a motion for new trial, defendant appealed.
The appellant claims that the trial court erred in entering judgment for the plaintiffs and in denying the motion for new trial, arguing the following issues:
 1. Did the failure to disclose previous fire losses make the policy void?
 2. Was the hazard increased, thereby relieving the defendant from the loss?
We answer both questions in the negative, and affirm.
The facts of the case are as follows:
In October, 1980, plaintiff Billy F. Moore purchased a policy of fire insurance from defendant Alabama Farm Bureau Mutual Casualty Insurance Company (Farm Bureau). The policy insured a home owned by Moore and his wife. The dwelling was insured for $90,000.00, together with a personal contents limit of $45,000.00. The home was completely destroyed by fire December 28, 1980, while the Moores were vacationing in Florida. After the fire, Moore filed with Farm Bureau a form listing the personal contents of the house. On that form he included the loss of two boxes of fireworks valued at $150.00, for which he claimed $140.00. Additionally, Farm Bureau discovered that Moore had had two fire losses prior to 1980 which were not listed on his application for insurance. On the basis of these facts, Farm Bureau denied coverage, and Moore filed suit.
The evidence at trial was controverted as to both issues. There was testimony that Moore's brother had given certain fireworks to Moore's three children around mid-December, 1980. Farm Bureau presented evidence that $150.00 might purchase three or more crates of certain fireworks. Moore testified that the fireworks were not full crates, but that his brother had divided the fireworks, putting them into three separate boxes so that each child would receive a fair share. He further testified that the majority of the fireworks received had been fired before Christmas, but indicated that certain individual fireworks remaining cost as much as $20.00 each, accounting for the high value of the remaining fireworks.
Regarding the previous fire losses, Moore testified that he had told Mr. Stinson, the *Page 714 
Farm Bureau agent who sold him the policy, that he had previously suffered the loss of two mobile homes and a tractor-trailer rig, but could not remember the dates of the occurrences. He testified that Mr. Stinson asked him for the names of the insurance companies that insured the losses, and said that he would contact them for the dates. Moore then signed the application form, without the information filled in. At trial the application, introduced as evidence, showed the loss of a mobile home in 1974, but did not show the loss of a mobile home by the Moores in 1969, nor the loss of the tractor-trailer rig in 1977.
Mr. Stinson testified that Moore never mentioned to him any fire loss other than the one noted on the application. He stated that he would not have accepted the application if he had known of three prior fire losses. Mr. Daniels, an underwriter for Farm Bureau, testified that the policy would not have been issued to Moore if the application had shown three prior fire losses. He also testified that the fireworks would materially increase the hazard on the coverage. The insurance policy contained the following:
 Conditions suspending or restricting Insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occuring [sic]
 (a) while the hazard is increased by any means within the control or knowledge of the insured. . . .
An employee of the state fire marshal's office testified that fireworks were strictly classified as hazardous storage and that any explosive is considered highly hazardous.
Prior to entry of final judgment, Farm Bureau paid $47,452.42, the amount of a mortgage on the house, to the Federal Land Bank, holder of the mortgage. In its judgment, the trial court awarded to the plaintiff $86,800.93, which was apparently arrived at as follows:
 Dwelling $42,547.58 Contents 40,003.35 Additional living expenses 3,000.00 Debris removal 1,250.00.
Where a trial court has heard evidence presented ore tenus, its findings of fact will not be disturbed on appeal unless clearly erroneous or manifestly unjust, and such rule is especially applicable in cases in which the trial court makes its findings of fact after hearing conflicting evidence; every presumption will be indulged in favor of the court's findings, and those findings will not be disturbed unless palpably wrong.Gulledge v. Frosty Land Foods International, Inc., 414 So.2d 60
(Ala. 1982); Leslie v. Pine Crest Homes, Inc., 388 So.2d 178
(Ala. 1980). Also, in the absence of specific findings of fact by the trial court, this court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous and against the great weight and preponderance of the evidence. Thomas v. Davis,410 So.2d 889 (Ala. 1982); O'Connor v. Rabren, 373 So.2d 302 (Ala. 1979). In addition, a strong presumption of correctness is indulged in favor of the trial court regarding its rulings on a motion for new trial. Shiloh Construction Company, Inc. v.Mercury Construction Corporation, 392 So.2d 809 (Ala. 1980).
We now apply these rules of review to the issues presented. The first issue is: whether the failure to disclose two previous fire losses voids the policy of insurance. The trial court, after hearing the conflicting evidence, could reasonbly have found that Moore told the agent for Farm Bureau about the fire losses, and reasonably relied on the agent to obtain the missing dates thereof and supply that information on the form. A party who deals with an agent, through whom he applies for and obtains a policy, has a right to presume that such material facts as are made known to him, are known to the principal.Barnes v. Atlantic and Pacific Life Insurance Company ofAmerica, 295 Ala. 149, 325 So.2d 143 (1975). In a fact situation as outlined above, where the agent of the insurer had knowledge of the previous fire loss information required on the application, and made representations to the applicant that he would find out the dates thereof, and the *Page 715 
applicant relied on those representations, and the policy was issued, the insurer is estopped to deny knowledge of the losses. See, e.g., United States Fidelity and Guaranty Companyv. McKinnon, 356 So.2d 600 (Ala. 1978).
We next examine the second issue: whether the existence of fireworks in the house increased the hazard, thereby relieving the defendant from the loss.
It has been stated with regard to insurance contracts:
 Increase-of-hazard provisions should, if possible, be construed in accordance with the mutual intent of the parties, keeping in mind the general rule of construction that in case of doubt or ambiguity the insured will be favored, if reasonably possible, so that he may have the indemnity for which he has contracted, rather than that the policy shall be forfeited.
8 Couch on Insurance 2d, § 37:694 (1961).
We find that, where the increase-of-hazard provision did not specifically exclude coverage where fireworks were present, there was a question of fact for the court as to whether the fireworks increased the hazard, voiding the coverage of the policy. The matter of the quantity of fireworks in the house at the time of the fire was highly controverted. The trial court could reasonably have found that the boxes given to the children of Moore were not full when given, and that the majority of them had been fired prior to the time of the fire. Farm Bureau relies on the testimony of the representative of the Fire Marshal's office, who testified that, under the fire code, fireworks are considered strictly hazardous. The question eliciting that testimony and its answer, were as follows:
 Q. Does the Code consider those fireworks, and we are talking about firecrackers and bottle rockets and roman candles, things of that type, how are they classified, as class what?
 A. Strictly classified as hazardous storage, and any explosive is considered highly hazardous.
Farm Bureau would have us find, on the basis of this testimony, that the fireworks were hazardous, whatever the quantity. Under that standard, in a similar case, we would also have to conclude that any quantity of shotgun shells, gasoline, or any other explosive material kept on insured property would void a policy which contained a similar increased-hazard provision. This we are not willing to do. Considering the prevalence of the use of fireworks at Christmas time, the trial court could reasonably have found that it was not the mutual intent of the parties to the insurance contract that a small quantity of fireworks in the possession of children at Christmas would render the policy void in case of fire. (See 8Couch on Insurance 2d, supra.)
Farm Bureau calls our attention to an 1897 Pennsylvania case,Heron v. Phoenix Mutual Fire Insurance Company, 180 Pa. 257,36 A. 740 (1897), where a quantity of assorted fireworks, purchased in anticipation of a Fourth of July celebration and stored in the parlor, were held to void the fire insurance policy under an increased-hazard clause. We fail to see how that case is helpful to Farm Bureau. In that case the increased-hazard provision said:
 This entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, shall be void . . . . if the hazard be increased by any means within the control or knowledge of the insured, . . . . or if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above described premises, benzine, benzole, dynamite, ether, fireworks, gasoline, greek fire, gunpowder exceeding twenty-five pounds in quantity, naphtha, nitroglycerine, or other explosives, phosphorus, or petroleum or any of its products of greater inflammability than kerosene oil of the United States standard (which last may be used for lights and kept for sale according to law, but in quantities not exceeding five barrels, provided it be drawn and lamps filled by daylight or at a distance not less than ten feet from artificial light.)
Heron, supra, 180 Pa. at 260, 36 A. 740. The court in that case found that, in the *Page 716 
face of an express prohibition of fireworks on the property, where fireworks were present the policy was void as a matter of law. That court then went on to state:
 If the policy had contained only the clause relating to increased "hazard" above quoted, the case should have gone to the jury, but the additional prohibitory clause made it incumbent on the court to withdraw it from their consideration. . . .
Heron, supra, 180 Pa. at 261, 36 A. 740.
In the case before us, where the policy "contained only the clause relating to increased `hazard,'" without the express prohibition of fireworks, the question was one for the trier of fact. Finding that there is evidence to support the trial court's judgment, we cannot say that the judgment is palpably wrong. It is, therefore, due to be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.