*E. B. GUMP v. NATIONAL UNION FIRE INS. CO.

**1. Proofs of Loss Made Out by Attorney for Nonresident Client for Whom he had Secured Insurance Held Sufficient.**

Proofs of loss made out and verified by an attorney at law for a nonresident client for whom he had negotiated the policy in question are sufficient, especially since assured having no knowledge of the transaction could not reasonably be expected to make such proofs.

**2. Condition of Occupancy Operation of Manufacturing Property at Time of Loss and Execution not Vacancy Defeating Recovery on Policy.**

The condition of insured manufacturing property as to occupancy and operation at the time of loss by fire, being the same as when the policy was written and delivered, recovery thereon cannot be defeated by policy clauses against vacancy of the property or nonoperating of the plant.

**3. Keeping Gasoline in Pint Bottle Near Gasoline Engine not Sufficiently Hazardous to Defeat Recovery on Policy.**

Keeping gasoline in a pint bottle on a shelf near a gasoline engine to start it, the main quantity of gasoline being contained in a can in a separate building, is a keeping in small quantity and for incidental use and not a violation of a policy inhibition against keeping gasoline on the premises, which insurer's agent knew were occupied for manufacturing purposes and operated by such engine.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Jesse E. La Dow* and *W. S. Kerr,* for plaintiff in error:

Vacancy clause in the contract, *Eureka F. & M. Ins. Co.* v. *Baldwin,* 62 Ohio St. 368 [57 N. E. Rep. 57]; *Germania Fire Ins. Co.* v. *Milligan,* 76 Ohio St. 543 [81 N. E. Rep. 980; 12 L. R. A. (N. S.) 456; 118 Am. St. Rep. 891]; *Union Cent. L. Ins. Co.* v. *Hook,* 62 Ohio St. 256 [56 N. E. Rep. 906].

Verification of proof of loss, *German Fire Ins. Co.* v. *Grunert,* 112 Ill. 68; *Hartford Protection Ins. Co.* v. *Harmen,* 2 Ohio St. 453 [59 Am. Dec. 684]; *Globe Ins. Co.* v. *Boyle,* 21

*Affirmed, no op., 86 O. S. 325.

Gump v. Insurance Co.

Ohio St. 120; *Enterprise Ins. Co.* v. *Parisot*, 35 Ohio St. 40 [35 Am. Rep. 589]; *Dun* v. *Insurance Co.* 10 Dec. 667 (8 N. P. 612); affirmed, no op., *Insurance Co.* v. *Dun*, 52 Ohio St. 639; *Connecticut Fire Ins. Co.* v. *Hamilton*, 9 O. F. D. 546; *Hamilton* v. *Insurance Co.* 8 O. F. D. 137 [61 Fed. Rep. 378]; *Hamilton* v. *Insurance Co.* 7 O. F. D. 14 [46 Fed. Rep. 42]; *Bailey* v. *Hope*, 57 Me. 474; *Patterson* v. *Insurance Co.* 64 Me. 500; *Jones* v. *Insurance Co.* 36 N. J. L. (7 Vroom.) 29 [13 Am. Rep. 405]; *Eliot Five Cents Sav. Bank* v. *Assurance Co.* 142 Mass. 142 [7 N. E. Rep. 550]; *Turley* v. *Insurance Co.* 25 Wend. (N. Y.) 374; *German-American Ins. Co.* v. *Paul*, 5 Ind. T. 150 [83 S. W. Rep. 60]; *Findeisen* v. *Insurance Co.* 57 Vt. 520; *Birmingham Fire Ins. Co.* v. *Pulver*, 126 Ill. 329 [18 N. E. Rep. 804; 9 Am. St. Rep. 598]; *Kenton Ins. Co.* v. *Wigginton*, 89 Ky. 330 [12 S. W. Rep. 668; 7 L. R. A. 81]; *Marthinson* v. *Insurance Co.* 64 Mich. 372 [31 N. W. Rep. 291]; *Hanover Fire Ins. Co.* v. *Gustin*, 40 Neb. 828 [59 N. W. Rep. 375]; *Myers* v. *Insurance Co.* 72 Ia. 176 [33 N. W. Rep. 453]; *State Ins. Co.* v. *Todd*, 83 Pa. St. 272.

Use of gasoline contrary to the policy, *West* v. *Insurance Co.* 27 Ohio St. 9 [22 Am. Rep. 294]; *Williams* v. *Insurance Co.* 54 N. Y. 569 [13 Am. Rep. 620]; *Buchanan* v. *Insurance Co.* 61 N. Y. 26; *Mears* v. *Insurance Co.* 92 Pa. St. 15 [37 Am. Rep. 647]; *Arnold* v. *Insurance Co.* 148 Cal. 660 [84 Pac. Rep. 182; 25 L. R. A. (N. S.) 6]; *Smith* v. *Insurance Co.* 107 Mich. 270 [65 N. W. Rep. 236; 30 L. R. A. 368]; *Springfield Fire & M. Ins. Co.* v. *Wade*, 95 Tex. 598 [68 S. W. Rep. 977; 58 L. R. A. 714; 93 Am. St. Rep. 870]; *American Cent. Ins. Co.* v. *Green*, 16 Tex. Civ. App. 531 [41 S. W. Rep. 74]; *LaForce* v. *Insurance Co.* 43 Mo. App. 518; *Columbia Planing Mill Co.* v. *Insurance Co.* 59 Mo. App. 204; *Humboldt* v. *Mears*, 29 Pitts. Leg. J. 365; *Boyer* v. *Insurance Co.* 124 Mich. 455 [83 N. W. Rep. 124; 83 Am. St. Rep. 338]; *Wheeler* v. *Insurance Co.* 62 N. H. 450 [13 Am. St. Rep. 582]; *Szymkus* v. *Insurance Co.* 114 Ill. App. 401; *Bentley* v. *Insurance Co.* 191 Pa. St. 276 [43 Atl. Rep. 209]; *Gunther* v. *Insurance Co.* 85 Fed. Rep. 846; *Rau* v. *Insurance Co.* 50 App. Div. 428 [64 N. Y. Supp. 290];

*Davis* v. *Furniture Co.* 102 Wis. 394 [78 N. W. Rep. 596];
*Putnam* v. *Insurance Co.* 4 Fed. Rep. 753; *American Cent. Ins.
Co.* v. *Chancey,* 127 S. W. Rep. 577 (Tex. Civ. App.); *Angier*
v. *Insurance Co.* 10 S. D. 82 [71 N. W. Rep. 761; 66 Am. St.
Rep. 685]; *Ohio Farmers' Ins. Co.* v. *Burget,* 65 Ohio St. 119
[61 N. E. Rep. 712; 55 L. R. A. 825; 87 Am. St. Rep. 596].

*Brucker & Voegele,* for defendant in error:

Defense of vacancy, *Germania Fire Ins. Co.* v. *Werner,* 76
Ohio St. 543 [81 N. E. Rep. 980; 12 L. R. A. (N. S.) 456; 118
Am. St. Rep. 891]; *Eureka Fire Ins. Co.* v. *Baldwin,* 62 Ohio
St. 368 [57 N. E. Rep. 57]; *Mitchell* v. *Insurance Co.* 6 Dec.
420 (4 N. P. 386); *Harris* v. *Insurance Co.* 18 Ohio 116 [51
Am. Dec. 448]; *Johnson* v. *Insurance Co.* 66 Ohio St. 6 [63 N.
E. Rep. 610]; *Union Cent. Life Ins. Co.* v. *Hook,* 62 Ohio St.
256 [56 N. E. Rep. 906]; *Northern Assur. Co.* v. *Building Assn.*
183 U. S. 308 [22 Sup. Ct. Rep. 133; 46 L. Ed. 213]; *Kentucky
V. M. & C. Co.* v. *Insurance Co.* 146 Fed. Rep. 696 [77 C.
C. A. 121]; *Dewees* v. *Insurance Co.* 35 N. J. L. 366; *United
Firemen's Ins. Co.* v. *Thomas,* 82 Fed. Rep. 406 [27 C. C. A. 42;
53 U. S. App. 517; 47 L. R. A. 450]; *Baumgartel* v. *Insurance
Co.* 136 N. Y. 547 [32 N. E. Rep. 990]; *Allen* v. *Insurance Co.*
123 N. Y. 6 [25 N. E. Rep. 309]; *Quinlan* v. *Insurance Co.* 133
N. Y. 356 [31 N. E. Rep. 31; 28 Am. St. Rep. 645]; *Messel-
back* v. *Norman,* 122 N. Y. 583 [26 N. E. Rep. 34]; *Ayres* v.
*Insurance Co.* 17 Iowa 176 [85 Am. Dec. 553].

Gasoline kept contrary to the provisions of the policy,
*Badger* v. *Platts,* 68 N. H. 222 [44 Atl. Rep. 296; 73 L. R. A.
572; 73 Am. St. Rep. 572]; *Wheeler* v. *Insurance Co.* 62 N. H.
326 [13 Am. St. Rep. 582]; *Cobb* v. *Insurance Co.* 17 Kan. 492;
*Western Assur. Co.* v. *Rector,* 85 Ky. 294 [3 S. W. Rep. 415];
*Davern* v. *Insurance Co.* 7 La. Ann. 344; *Beer* v. *Insurance Co.*
39 Ohio St. 109; *People's Ins. Co.* v. *Kuhn,* 12 Heisk (Tenn.)
515.

Proof of loss made by attorney, *German Fire Ins. Co.* v.
*Grunert,* 112 Ill. 68 [1 N. E. Rep. 113]; *Ayres* v. *Insurance
Co.* 17 Iowa 176 [85 Am. Dec. 553]; *Farmer's Mut. Ins. Co.* v.
*Graybill,* 74 Pa. St. 17; *O'Connor* v. *Insurance Co.* 31 Wis.

160; *Northwestern Ins. Co.* v. *Atkins,* 3 Bush (Ky.) 328; *Sims* v. *Insurance Co.* 47 Mo. 54 [4 Am. Rep. 311].

## TAGGART, J.

The plaintiff in error was the plaintiff in the court of common pleas and the defendant in error was the defendant therein. The plaintiff, in her petition and amendment thereto, sought to recover upon a policy of insurance which had theretofore been issued to her by the defendant National Union Fire Insurance Co.

The answer which was interposed by the insurance company contained several defenses, the first, in substance, being a general denial; and the second being a provision of the policy which, among other things, provided: "Or if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above described premises, benzine, benzole, dynamite, ether, fireworks, gasoline," that the policy should be void.

We do not quote the entire provision set out but so much thereof as is necessary to indicate our view of the case. The defendant further says that the fire was caused by the use of gasoline in the engine room, and that there was no consent to the use of or the keeping of gasoline in said building thereby increasing the hazard.

The third defense set forth another condition of the policy to the effect that, in case the property insured was a manufacturing establishment and was not operated at certain periods of the day or night, the policy became void; and then it is averred that this condition was violated.

The defendant for a fourth defense avers that there had been no proper proofs of loss furnished agreeably to certain other provisions of the policy.

Upon the averments in the answer being denied in the reply the case proceeded to trial, and, at the close of all the evidence in the case, upon motion of the defendant, the court directed the jury to return a verdict for the defendant. Error is now prosecuted to this court to reverse the judgment of the court of common pleas.

It is claimed that no proper proofs of loss were furnished in this case, that the proofs furnished were sworn to by W. S. Kerr, attorney in fact for the plaintiff, and it is contended that this cannot be done. But it appears from this record that the plaintiff was a nonresident of the state and had been such for some time previous to the fire; that she had no personal knowledge of the facts in the case, in fact, the record discloses that the policy was taken out by some one authorized to do so by her, that the fire occurred subsequent thereto and under circumstances that she could have no knowledge or information concerning the same. It does further appear from the record that the person making the proof of loss was duly authorized as attorney in fact to transact the business for the plaintiff. Now, if the proofs of loss could not be made out and verified as the proofs in this case were made out and verified, we think that it would be substantially impossible to make proofs of loss in this character of cases, or where the facts are similar to the facts in this case. If the plaintiff's attorney in fact could not make these proofs of loss, it does not appear that she had any other person in the state of Ohio who could make these proofs of loss as agent or otherwise, and, as we have indicated, the plaintiff herself could not reasonably be expected to make these proofs of loss and verify the same, when she had no knowledge of the transaction. So that, so far as the contention is made that the proofs of loss are not sufficient, under the defense set out in the answer, we think the record fully sustains the claim of the plaintiff in error that proper proofs of loss were made out and submitted.

As to the next contention that the property became vacant, under another defense set out in the answer of the defendant, we think that this contention cannot obtain, under the state of this record. It appears from the proof in this case that the condition of this property that was covered by the insurance was substantially the same as when the policy was written and delivered. We do not think it fails within the clause of the provision of the policy that this manufacturing establishment ceased to be operated for more than ten consecutive days. It

Gump v. Insurance Co.

was not operated nor had it become vacant after the issuance and delivery of the policy. Its condition remained substantially the same as when the risk was assumed by the defendant company.

But one other question then remains in this case: was this policy rendered void, under the provisions in the policy prohibiting gasoline to be kept, used, or allowed in the above described premises? The only proof that we can discover in this record is found on page 48, wherein the engineer testifies that they used to start the engine with gasoline, and the gasoline was kept outside of the building in a building by itself, brought in there in a pint bottle and set on a shelf. The pint bottle was kept near the engine on the shelf probably five or six feet from the engine. And on cross-examination on pages 50, 51, he says that the gasoline was kept in a pint bottle. He does not say how much there was of this gasoline and when asked if he had not, before this time, testified that there was about half a pint, his answer is that he does not remember; and when asked if he had not theretofore testified that the gasoline had nothing to do with the fire, his memory seems to be somewhat at fault in respect to that matter.

Another witness, on page 41, testified that they used a little bit, "I don't know how much, probably half an ounce, to cause the first explosion in starting the engine, that was all the gasoline used." He further testifies that the gasoline was kept in the oil house and they used to have a can to bring it into the engine house, and that the can was a gallon can, but he does not know what disposition was made of this gallon can, but gives his opinion that it must have been kept in the engine house. When asked to give his best judgment in the matter, he hasn't any best judgment, he answers.

So that, as far as the evidence in this case is concerned, it is exceedingly meager and not of that persuasive character that we think would authorize the court in directing a verdict and saying, as a matter of law, that the provisions of this policy had been violated, according to its intent or letter. The record is wholly silent as to any knowledge by the insured as

to the use of any gasoline in or about the premises, or the giving of any authority to any one in the occupation of said premises for the keeping, using or allowing the use of gasoline therein.

It does appear in this record that the agent of the company knew that the premises were occupied for certain manufacturing purposes and that the power was derived from the engine in the adjoining building.

Now we think the principle laid down in the note to the case, *Boyer* v. *Insurance Co.* 124 Mich. 455 [83 N. W. Rep. 124; 83 Am. St. Rep. 343n], is controlling in this case: "The use by an assured of naphtha, or benzine on the insured premises, when the use or keeping of such articles is stipulated against in the policy, voids the contract of insurance, unless such use is incidental to the business, or is in small quantities for a special and not dangerous purpose," and this is fully sustained in the following cases: *Arnold* v. *Insurance Co.* 148 Cal. 660 [84 Pac. Rep. 182; 25 L. R. A. (N. S.) 6]; *Smith* v. *Insurance Co.* 107 Mich. 270 [65 N. W. Rep. 236; 30 L. R. A. 368]; *Springfield Fire & M. Ins. Co.* v. *Wade,* 95 Tex. 598 [68 S. W. Rep. 977; 58 L. R. A. 714; 93 Am. St. Rep. 870]; *American Cent. Ins. Co.* v. *Green,* 16 Tex. Civ. App. 531 [41 S. W. Rep. 74].

We think that this record discloses clearly that the gasoline that was on these premises was for such use as was incidental to the business, and in such small quantity, "for a special and not dangerous purpose" as must have been in contemplation of the parties when the insurance was written, and was not a "keeping or using or allowing to be kept or used gasoline," within the provisions of the policy; and we think the court was in error in directing a verdict for the defendant.

For the error of the court in directing a verdict, the judgment of the court of common pleas is reversed and remanded for further proceedings according to law. Exceptions may be noted.

**Powell** and **Voorhees, JJ.,** concur.