COMMERCIAL UNION ASSUR. CO. OF LONDON v. HILL. (No. 7167.)

(Court of Civil Appeals of Texas. Dallas. May 30, 1914. Rehearing Denied June 20, 1914.)

1. INSURANCE (§ 325*)—AUTOMOBILE POLICY —CONSTRUCTION.

A provision of an automobile fire insurance policy, that the machine during the term of the policy should not be used for carrying passengers for compensation, should be construed to prohibit the owner from using the machine continuously for carrying passengers for hire as a business, and was not breached by the fact that the owner's son, on two or three afternoons during a fair, used the car

without the owner's knowledge for carrying passengers for hire to and from the fair grounds.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 750; Dec. Dig. § 325.*]

2. INSURANCE (§ 665*)—AUTOMOBILE POLICY—BREACH OF WARRANTY—LOCATION OF MACHINE.

In an action on a policy for loss of plaintiff's automobile by fire, evidence that plaintiff informed defendant's general agent as to certain visits to other places, and was told that the company had no objection and that no written waiver was necessary, was sufficient to show a waiver of a warranty that the car should at all times be kept in a specified private garage, with the right to house the car in another building for exceeding 15 days at any one location at any one time, provided the car was en route, visiting or being cleaned or repaired.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

Error from District Court, Dallas County; Kenneth Foree, Judge.

Action by Henry Hill against the Commercial Union Assurance Company of London. Judgment for plaintiff, and defendant brings error. Affirmed.

William Thompson, John S. Patterson, and Wm. C. Thompson, all of Dallas, for plaintiff in error. W. L. Mathis and Leake & Henry, all of Dallas, for defendant in error.

RAINEY, C. J. Appellee took out insurance on his automobile against loss by fire for $4,000, with appellant. The automobile was destroyed by fire, and this suit was brought to recover for the value of said insurance. The company pleaded breach of certain warranties contained in the policy, by which said policy was rendered null and void. A trial resulted in a verdict and judgment for appellee, and the company has appealed.

The policy sued on provided, among other things:

"It is warranted by the insured that the automobile hereby insured during the term of this policy shall not be used for carrying passengers for compensation, and that it shall not be rented or leased." "In the event of violation of any warranty hereunder, this policy shall immediately become null and void."

The evidence shows that, on two or three afternoons during the Fair in Dallas, Tom Hill, appellee's son, used the car without appellee's knowledge for carrying passengers for hire to and from the fair grounds.

[1] It is urged by appellant that such use of the car violated the provisions of the policy and therefore annulled it. We do not believe the use of the car for the limited time it was used breached the warranty clause in reference to the use of the car for hire, etc. The words, "that the automobile hereby insured during the term of this policy shall not be used for carrying passengers for compensation," etc., were intended to mean that the automobile should not be continuously used for that purpose for any length of time, or,

in other words, the owner should not make a business of using said automobile for carrying passengers for hire, and it was evidently never contemplated that the casual use of it as made in this instance would work a forfeiture of the policy. Ins. Co. v. Wade, 95 Tex. 598, 68 S. W. 977, 58 L. R. A. 714, 93 Am. St. Rep. 870; Ins. Co. v. Shearman, 20 Tex. Civ. App. 343, 50 S. W. 598.

[2] It is further insisted that said policy was forfeited by the violation of this warranty clause, which follows:

"Private Garage Warranty. In consideration of the reduced rate at which this policy is written, it is understood that the property insured hereunder shall at all times be kept or stored in the private garage or private stable situate at 1000 So. Harwood street, Dallas, Texas. Privilege, however, to operate car and to house in any other building or buildings for a period of not exceeding fifteen days at any one location, at any one time, provided the car is en route, visiting or being cleaned or repaired, all other terms and conditions of the policy remaining unchanged."

In answer to appellant's plea of forfeiture for breach of warranty, appellee pleaded that Reinhardt, appellant's general agent, had waived the provisions of said warranty provision. Appellee did not keep his car much of the time at 1000 South Harwood street, when he was in Dallas; but the evidence fails to point out in what respect he failed to comply with the terms of the warranty; that is, it fails to show during the time it was not at 1000 South Harwood street it was at some other place not authorized by the terms of the policy. The car was insured on May 5, 1911, for 12 months. From the time of the contract of insurance until the car was burned Hill kept it in use; he and his family making visits in it to Mineral Wells, Okl., and Denton, Tex., to which last place he moved a month or so before the car was destroyed in December, 1911. While on these trips he kept his car out of Dallas for more than 15 days, which worked a forfeiture of the policy, unless the warranty clause had been waived.

On the issue of waiver appellee testified:

"You ask me to state what occurred between me and Reinhardt & Son in regard to where the car should be, and I answer: Well, when I wanted to go to the country, I went to the company and told Mr. Reinhardt I was going, and he said, 'All right.' I asked him if there was any writing I needed, and he said no, that was all right, and told me any time that I wanted to go to the country it was all right. You ask me if he told me that any time I wanted to go to the country it was all right, and I answer, yes, sir. You ask me if I made any explanation to him about going up to Denton county, and I answer, yes, up on my farm. Q. Well, now, then Mr. Reinhardt having made that statement to you about it was all right for you to go up there whenever you wanted to, when was the first time that you heard of the proposition that the company objected to you having it on the Denton county place? A. Not until after the fire. Q. After this suit was filed they raised that objection? A. Yes, sir. Q. Did you talk to Mr. Reinhardt on that subject more than once about having the auto up in

Denton county? A. Yes, a half dozen times, and also, when I went off to Oklahoma on a trip, I told him I was going up there. Q. At no time he made any objections, but told you it was all right? A. Yes, said I didn't need anything else, but just his word would be all right. Q. Did you say anything to him about changing the warranty in the policy? A. No, I told him I was going, and asked him if I needed anything, and he said that was all right, to go ahead. Q. This is the policy of insurance, is it? A. Yes, I guess so; yes, that's it."

Mr. Reinhardt is the general agent of appellant and authorized to make waivers. We think the provisions of the warranty clause were waived and that appellant should not be allowed to defeat the payment of the policy for breach thereof. Wagner v. Fire Ins. Co., 92 Tex. 549, 50 S. W. 569; Morrison v. Ins. Co., 69 Tex. 353, 6 S. W. 605, 5 Am. St. Rep. 63.

The judgment is affirmed.