### BERTELSTEIN v MARKS et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1452. Decided July 9, 1937

Jacobson & Durst, Dayton, for plaintiff-appellant.

McMahon, Corwin, Landis & Markham, Dayton, for defendants-appellees.

## OPINION

By HORNBECK, J.

Plaintiff, asserting that she was a passenger for a consideration in the automobile of defendant Reuben Marks, instituted action against him, charged that she was injured by the carelessness and negligence of Marks in the operation of the car and secured a default judgment of $2500.00. Marks was insured with the defendant, The Travelers Indemnity Company.

The company with notice of the facts respecting the collision out of which the action grew, refused to defend the suit. The judgment against Marks being unpaid, supplemental action was instituted against the defendant company based upon the policy of insurance held by Marks. The company answered, setting up that the company was not liable because of Item 5, page 1 (c), hereafter quoted, which excluded the use of the automobile by the insured in carrying passengers for a consideration.

Defendant company further alleged that the plaintiff was, at the time she was in-

jured, being carried in the automobile of defendant Marks for a consideration, in violation of the terms of the policy.

It is conceded by both parties and we are therefore not required to determine the question if plaintiff was a passenger of defendant Marks for a consideration at the time of the injury out of which her cause of action arose, she having engaged to pay one-half of the cost and expense of the trip being made from Dayton, Ohio to Cedar Point, Ohio and having complied with her obligation to pay. The position of the plaintiff is plain. She claims that she was at law a passenger of Marks but that he was not carrying "passengers for a consideration" as defined in the policy.

The trial judge entered judgment for the defendant company. An appeal on questions of law is prosecuted.

The use of the automobile by defendant was set forth as business and pleasure. Item 5, page 1 of the policy provides:

"(c) The purposes of use as defined in (a) and (b) foregoing shall exclude the renting or livery use of the automobile **and the carrying of passengers for a consideration. (d) The automobile shall be insured for** renting, livery, **carrying passengers for a consideration,** the business of demonstrating or testing, or towing of any trailer, **only when such uses are definitely declared and rated."** (Emphasis ours).

There is presented but one question upon the record, namely: Was defendant Marks at the time plaintiff was injured engaged in the carrying of passengers for a consideration within contemplation of the language of the policy? If so, the defendant company is excluded from any liability by virtue of the express terms of the policy.

The evidence in this case develops that the defendant Marks at no time other than the occasion when plaintiff was injured during the tenure of the policy had carried any person for hire.

The plaintiff urges that inasmuch as the language of the policy was selected by the defendant company, if ambiguous it must be construed against the company and favorably to the plaintiff; that the language employed, "carrying passengers for consideration," does not exclude coverage of the insured by a single instance of the carrying of one passenger only.

The defendant company asserts that the rule of construction is that the plural number includes the singular in the interpretation of contracts; that the casual hauling of a single passenger for a consideration is within the meaning of the exclusion clause of the policy; that the risk of the defendant company by reason of the carrying of a passenger by defendant Marks was increased.

The policy is a contract and the clause under consideration must be examined in the light of its purposes and the relation of the contracting parties. Insurance is a business in which the rates are fixed in relation to the hazards insured against. The hazard in insuring against liability to a passenger is greater than indemnifying the insured against liability to a guest. In Ohio it is much greater. This is true because of our guest statute, wherein there is liability for a defendant only upon proof of wilful or wanton misconduct and liability of an insurance company only upon proof of his, the insured's, wanton misconduct. Then, too, independent of the guest statute, the degree of care required of an automobilist toward a passenger is higher than that exacted toward his guest. The application for a policy enables the insurer to classify the insured as to risk and if there is to be any exception as to a designated risk it should be noted on the policy.

The exclusion of liability clause is a substantive part of the contract and does not compel such severity of construction against the insurer as a forfeiture clause.

We are of the opinion that it is the purpose, as appearing from the language employed in the clause under consideration, to exclude from the risk insured against that which was occasioned by the casual carrying of one or more passengers for hire; that the use of the plural form of the word "passenger" includes the singular form and that the carrying of a passenger for compensation came within the exclusion provision of the policy and that the carrying of a passenger by an insured is material to the risk. This is a fair interpretation of the language employed, in view of the relation of the parties to the insurance contract and the liability against which the insurer engaged to protect the insured.

We are cited to and have considered the following cases:

Yelin v Columbia Casualty Company, N. Y. Court of Appeals, 193 NE 334. Plaintiff a passenger, recovered judgment against an automobilist with whom she was riding, who was insured with the defendant com-

pany. An action was instituted against the company upon its policy and it answered, setting up two affirmative defenses, one of which was:

"That at the time of the alleged accident the automobile of Esther R. Baker was being used by her in violation of warranties contained in the insurance policy providing that it would not be rented to others or used to carry passengers for a consideration;"

The court affirmed the judgment. The per curiam is a short opinion and we cannot say from the statement of the court whether or not it was concluded that the plaintiff was not a passenger because of the casual nature of the carriage or because there had been no agreement between the owner of the automobile and the plaintiff as to the carriage. Under the facts stated in the opinion there is uncertainty if the court found that the plaintiff was a passenger.

Commercial Union Assurance Co. v Hill, Civil Appeals of Texas, 167 SW 1095, was an action against the company to recover for loss on plaintiff's automobile by fire. The company plead defensively a warranty of the policy which provided:

"that the automobile hereby insured during the term of this policy shall not be used for carrying passengers for compensation, and that it shall not be rented or leased."

A violation of any warranty rendered the policy null and void. The court held that the words of the warranty "were intended to mean that the automobile should not be continuously used for that purpose for any length of time, or, in other words, the owner should not make a business of using said automobile for carrying passengers for hire, and it was evidently never contemplated that the casual use of it as made in this instance would work a forfeiture of the policy"

The breach of the warranty plead occurred before the fire upon which liability of the company was asserted and it is difficult to see how there could be any causal relation between the use of the automobile complained of and the loss by fire and therefore any material increase in the risk. This would weigh heavily with a court in construing the policy favorably to the insured, though resting strictly in the field of contract. The construction

sought by the insurance company was to declare a forfeiture.

Though not pertinent to our inquiry, there are cases contra the cited case where the provision as to restricted use is carried into a warranty clause.

Marks v Home Fire & Marine Ins. Co., District of Columbia Court of Appeals, 285 Fed. 959, was also an action on a policy for loss of an automobile by fire and is in its facts much like the case of Commercial Union Assurance Co. v Hill, supra. The court held in the second syllabus that:

"A passenger in the legal sense is one who travels in a public conveyance by virtue of an expressed or implied contract with the carrier, as by the payment of fare or by that which is accepted as the equivalent thereof, so that an automobile is not used for carrying passengers within the meaning of a fire insurance policy, unless it is held out to the public as a means of conveyance."

This case is not especially helpful on the question before us because it is grounded upon the determination that the service rendered by the insured to individuals on numerous occasions wherein he was compensated did not constitute the relationship of carrier and passenger.

The authorities above commented upon are all fire insurance cases and the most favorable to the plaintiff to be found and but one of them, namely, Commercial Union Assur. Co. v Hill, is authority upon the immediate question presented to us for determination.

As against the cases above cited are Cartos v Hartford Accident & Indemnity Company, Supreme Court of Appeals, Va., 169 SE 594, which was an action against the company on a liability insurance policy in which it set up defensively a provision which rendered it void if the automobile was being used for the carrying of passengers for a consideration. The court held that:

"Phrase, 'carrying of passengers for a consideration,' in automobile liability insurance policy * * * means transportation of persons under such conditions that operator owes them duty of carrier for hire."

In this case three persons were riding with plaintiff's employee for a consideration but it was the only instance wherein the automobile had been so used. The court cites and considers the three cases which we have heretofore set forth and makes the distinction in that:

"In all three of them the provision under consideration was an express promissory warranty that the car would not be used for the forbidden purpose,"

and that the forbidden use had ceased before the occurrences upon which liability was asserted and that the actions were to have the policy forfeited for breach of the warranty, and that:

"In the instant case we are not concerned with a provision for a forfeiture, but with provisions excepting from the risk assumed under the policy liabilities incurred by the operator while the car is being used for a specific purpose."

Beatty v Employers' Liability Assur. Corporation, Supreme Court of Vermont, 168 Atl. 919, which holds that:
"Clause of automobile liability policy that policy did not cover use of automobile for carrying passengers for consideration was exception from risk insured against."

The language of the policy was identical with that of the policy under consideration in the instant case. The facts disclosed that the plaintiff had, under agreement, purchased ten gallons of gas and two quarts of oil for the insured, the driver of the automobile, before starting the trip, and that:

"This was the only occasion on which the plaintiff carried a passenger under such an arrangement."

The court held the company liable upon the theory that by appearing and defending the insured it waived the benefit of the clause in the policy under consideration. Although the syllabus of the case heretofore quoted indicates a positive determination of the meaning and effect of the clause, the opinion is not so definite. In the opinion, at page 922 it is said:

"For the purpose of this opinion we may assume (although we are far from deciding) that the defendant's position regarding the clause in question is sound, and proceed to consider the other issues raised."

The court was giving more attention to waiver and estoppel and passed our question with the assumption heretofore quoted.
Wood v American Automobile Ins. Co.,

Kansas Supreme Court, 202 Pac. 82, involved a clause which provided that the policy should terminate if the car should be used for the transportation of passengers for hire. The case is not especially helpful because it appeared that the insured had been using his car in jitney service and there was no doubt that from any reasonable interpretation of the policy he was transporting passengers for hire.

The most recent and probably best considered case is Lumbermen's Mutual Casualty Co. v Wilcox, 16 Fed. Supp. 799. The language of the policy was the same as in the instant case There was but one individual who could be classified as a passenger and for all that appears the service was casual. The court held that the clause in the policy was effective to prevent recovery and discussed and determined the meaning of the word "passengers" as employed in the policy in this language:

"The contention is made that the word 'passengers' is used and that in the instant case there was but a single passenger. The rule of construction is that singular number includes plural number in the interpretation of contracts, and a contrary construction is only necessary when the plain intent of the contract shows the contrary construction necessary to give effect to the intention of the contracting parties." Bouvier Law Dictionary. (Rawles Third Revision) page 3075.

The weight of the authority on the question presented supports our conclusion. The plaintiff's status of a passenger for a consideration having been fixed, all the incidents thereof attend, among which was the exclusion of liability of the defendant company by the terms of its policy.

Of course, we express no opinion as to the effect of the language of the policy upon the rights of a person other than a passenger injured by the insured negligently operating the automobile covered by the policy if at the time the insured was carrying a passenger for a consideration.

The judgment of the Common Pleas Court will be affirmed.

BARNES, PJ, concurs.
GEIGER, J, dissents.

## DISSENTING OPINION

By GEIGER, J.

On first giving consideration to this case, I was of the view that I could concur in

the opinion of the majority, on the ground principally that the plaintiff, in the original action. had placed herself in the position of a passenger for consideration, when she obtained her judgment against the defendant.

On giving the matter further consideration, I am of the opinion that the consequences that may arise from a decision to that effect would be so far reaching that I do not now feel inclined to take the position that the plaintiff became a passenger for a consideration when she paid for a portion of the gasoline consumed on the trip taken by herself and her brother-in-law.

Our guest statute, §6308, GC, provides as follows:

"The owner, operator or person responsible for the operation, of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest **while being transported without payment** therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

It will be observed that only when the guest is being transported "without payment" does the provision of wilful or wanton misconduct become operative.

If a guest is being transported by paying a compensation, then the owner is no longer protected by the "wilful or wanton" provision of the statute. But this is far from converting the guest into "a passenger for compensation," as described in the exceptions of the insurance policy.

Even though the plaintiff may have alleged in her petition that she was a passenger, she was not a passenger by virtue of her contribution to the gasoline cost, as such a relationship is ordinarily interpreted, unless all others under like conditions would become passengers, and that is too serious a consequence to permit to arise simply because a certain plaintiff alleges in her petition that she was a passenger.

The insurance company was notified of the action, and had a right to defense on the ground that she was a guest and that no "wilful or wanton" misconduct had been plead.

"To recover, a guest must plead facts that reveal on their face the elements of wilfulness and wantonness."

**Vecchio v Vecchio, 131 Oh St 59.**

She did not so plead, and her right to recover, if she had it, was based upon the fact that she was being transported with pay.

In the present case, it is not necessary to pass upon the question as to whether one who contributes to the gasoline, or any other expense common to the trip, is then being transported "with pay."

It is, however, necessary to determine whether or not one so contributing becomes no longer a guest but a passenger, so as to fall within the exceptions set out in the insurance policy.

While we may speak of a five passenger car, in common acceptation those who ride in that car, on the invitation of the owner of the car, are not passengers as that term is ordinarily understood. A passenger is one who presents himself to one who is engaged in transportation, either as a common carrier or as one hauling on special occasions, to be transported for a consideration.

While the word "passenger" is frequently used in reference to the transportation of individuals by owners of automobiles, where the designation of such person should more probably be "guest," yet I am of opinion that the payment of part of the gasoline cost by a sister-in-law to her brother-in-law does not constitute the person so paying a passenger within the meaning of the insurance policy.

It will be noted that Item 5 on page 1 of the policy, provides the purpose of use as defined in (a) and (b) and excludes the renting or livery use of the automobile, and the carrying of "passengers for a consideration." (d). The automobile shall be insured for **renting, livery, carrying passengers for a consideration, the business of** demonstration or testing, or **towing of any** trailer, only when such uses are definitely declared and rated.

It will be observed that all the exceptions, other than that of "carrying passengers for a consideration" relate to business transactions. The renting or the livery service, or the business demonstrations or towing are specially excepted, and in my judgment give character to the meaning to be given to the term "carrying of passengers for a consideration." In other words, I am of the opinion that the exception is to cover the business or occupation, or financial enterprise of the carrying of passengers.

It is evidently to be regarded as such a use as would. permit a permanent form of insurance.

If insurance policies ordinarily purchased by a private owner are to afford him protection for the ordinary use of his car, but is to deny protection when a friend contributed to the common expense of a guest trip, then the protection of such policies will be changed from day to day or from hour to hour, as the insured may accept a small contribution to the expense of a friendly trip.

Under the wording of our guest statute, there is no intimation that a guest contributing to the general expense does not as a matter of fact continue to be a guest. A "paying guest" is not unusual. It is a common practice among groups of friends to contribute to an automobile trip, primarily for their pleasure a just proportion of the expense, by the payment of the gasoline and oil.

Can it be said that this mutual agreement destroys the reciprocal hospitality among friends, and makes the owner of the car practically a commercial hauler receiving compensation for his services? Such a holding would disrupt many trips of intimate friends.

The guest statute was passed to protect the owner of the vehicle against liability for the injury to one who is his guest, unless the owner is guilty of wanton misconduct.

Incidentally, the statute provides protection to the insurance company from liability arising out of such relations.

It is contemplated by the statute to render the owner liable for ordinary negligence, or for want of an even higher degree of care than was required before the enactment of the guest statute simply because he receives some contribution to the common expense?

Are insurance companies which have received compensation for the policy to be relieved because two friends may agree to go fishing or to a ball game in the automobile of one, with the other contributing to the gasoline?

There is another very serious danger faced by the owner of the automobile who may have accepted payment from his guest. While transporting such person he may injure one who is a total stranger to him, by his negligent operation of his automobile. If he has accepted a pittance as a contribution to his gas, he may be faced with the provision in the policy stating that the company is not liable because he is transporting "a passenger for consideration."

There have been some cases in Ohio involving this question, which have not been in harmony.

See: **Beer v Beer,** 4 Ohio Opinions 84; **Casper v Higgins,** 4 Ohio Opinions 164. In the case of **Snyder v Milligan,** 6 Ohio Opinions 292, there is a discussion of the term "guest." See also 193 NE (N. Y.) 334; 167 SW 1095; 285 Fed. 959; 169 SE 594; 168 Atl. 919; 202 Pac. 82, 16 Fed. Suppl. 799.

I am, therefore, unable to agree with my associates, in holding as they do in the instant case that the insurance company can escape liability by now claiming that the injury occurred while the insured was carrying a passenger for consideration.

As stated before, the insurance company had an opportunity to make the defense on the ground that its insured was not liable to his guest, and that there was no wilful or wanton misconduct set out in the petition, as required in the Vecchio case, above referred to.